# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOHN MARSHALL,
a/k/a WOODROW GAVIN, JR.,

      Petitioner,

-vs-                                    Case No.  8:02-cv-1092-T-30EAJ

JAMES V. CROSBY, JR.,[1] et al.,

      Respondents.

_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by filing a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 on June 13, 2002[2] (Dkt. 1).  Petitioner has also filed a Motion for Evidentiary Hearing (Dkt. 15) and a Renewed Motion for Appointment of Counsel (Dkt. 16).  Petitioner challenges his state convictions for burglary, grand theft, and fraudulent use of a credit card entered by the Sixth Judicial Circuit Court, Pinellas County, Florida, on December 7, 1990 (Dkt. 1). Respondent has filed a response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkt. 8).

---

[1]James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]Although the petition was not received by the Clerk's office for filing until June 19, 2002 (Dkt. 1), in this circuit, § 2254 petitions for habeas relief and documents related thereto are considered "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's §2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).  Petitioner executed the petition on June 13, 2002 (Dkt. 1 at 14).

**Background**

Petitioner was charged by information on November 27, 1989, in Pinellas County, Florida, Case No. 89-18897, with burglary, grand theft, and fraudulent use of a credit card (Dkt. 7, Ex. 001).  The parties agree that when Petitioner appeared for a change of plea hearing on June 12, 1990, he was represented by the public defender.  Acting at Petitioner's request, the public defender moved the trial court for leave to withdraw and, relying on Petitioner's representation to him that privately retained counsel was taking over the case, requested a continuance to allow Petitioner time to finalize arrangements for new legal representation (Dkt. 1, Ex. A).  The motion to withdraw was granted, but Petitioner's request for a continuance was denied.  According to him, the public defender exited the courtroom once he was granted leave to withdraw, and Petitioner was left to enter a plea without benefit of counsel.  Respondent, on the other hand, argues that the public defender remained available to Petitioner until the conclusion of the hearing.  The parties do agree, however, that Petitioner entered a plea of guilty as charged that day (Dkt. 7, Ex. 002).

Petitioner retained the services of private counsel, but there is nothing in the record indicating that he requested leave to withdraw his plea during the six months which elapsed between the date on which he entered his plea and the December 7, 1990 sentencing hearing.  Petitioner was represented by privately retained counsel at said hearing, but he still failed to move to withdraw his plea (Dkt. 7, Ex. 004).  Petitioner was sentenced as an habitual felony offender to serve a term of 10 years imprisonment for burglary, to run consecutive to sentences imposed by the Sixth Judicial Circuit Court, Pasco County, Florida, for burglary, grand theft, and robbery, Case No. 89-3054, entered on April 9, 1990; 10 years imprisonment for grand theft, to run consecutive to the

sentence imposed on the burglary conviction and consecutive to the sentences imposed as a result of the Pasco County convictions; and 10 years imprisonment for the fraudulent use of a credit card, with the sentence suspended upon the successful completion of a 10-year term of probation, to run consecutive to the sentence on the burglary conviction. *Id*. Petitioner did not file a direct appeal (Dkt. 1 at 2).

Respondent does not dispute Petitioner's statement that he filed an application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on October 26, 1995 (Dkt. 2 at 2). Respondent filed a copy of a trial court order executed on August 27, 2000, which states that Petitioner's first Rule 3.850 motion was denied by the trial court on February 16, 1996, in an order adopting the Respondent's response to the order that it show cause why Petitioner should not be granted the relief he sought in his motion (Dkt. 7, Ex. 008).

Petitioner waited until July 5, 2000, before filing a second application for state post-conviction relief pursuant to Rule 3.850 (Dkt. 7, Ex. 005). Petitioner amended the motion on December 4, 2000, and April 27, 2001, adding the claim that his plea was invalid because it was entered without benefit of counsel (Dkt. 7, Exs. 006, 007). The trial court found that Petitioner was asserting a Rule 3.800 claim in the original motion and a Rule 3.850 claim in the amended motion (Dkt. 7, Ex. 008). Nonetheless, on August 27, 2001, the trial court entered an order denying Petitioner's Rule 3.800 claim on the merits and rejecting as successive and untimely his Rule 3.850 claim (Dkt. 1, Ex. B; Dkt. 7, Ex. 008). The appellate court affirmed the trial court's decision in a *per curiam* opinion entered on December 19, 2001, with the mandate issuing on February 12, 2002 (Dkt. 7, Ex. 011). *See Marshall v. State*, 810 So.2d 941 (Fla. 2d DCA 2001).

The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed on April 18, 2005,

http://www.2dca.org/the_clerk's_office.htm, stating that Petitioner also filed a second Rule 3.800 motion which was denied by the trial court. *See* Fed. R. Evid. 201. Based on Petitioner's sworn statement in the § 2254 petition that he had not filed any applications for state post-conviction relief which were not disclosed therein, this motion must have been filed after Petitioner executed his § 2254 petition on June 13, 2002. *See* Dkt. 1 at 12 ("Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)"). The notice of appeal was filed on September 30, 2002. The appellate court affirmed the trial court's decision on November 13, 2002, with the mandate issuing on January 6, 2003. *See Marshall v. State*, 835 So.2d 1128 (Fla. 2d DCA 2002).

Meanwhile, Petitioner filed the instant petition for federal habeas relief on June 13, 2002 (Dkt. 1). The sole ground advanced in support of his request for relief is "whether Petitioner['s] plea were [sic] given involuntarily and uninformed due to counsel's withdrawing from the case prior to the court hearing in which the Petitioner tendered his plea to the court" (Dkt. 2 at 3). This claim was raised and rejected in Petitioner's second Rule 3.850 proceeding.

Having reviewed the record, applicable statutes, and controlling case law, the Court finds, *sua sponte*, that the petition is time barred pursuant to 28 U.S.C. § 2244(d)(1). *See Jackson v. Secretary for Dept. of Corrections*, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court must determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996).

**Evidentiary Hearing**

The Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. *Smith v. Singletary*, 170 F3.d 1051, 1053-54 (11th Cir. 1999). There is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *See Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). *See also* Rule 8(c), Rules Governing Section 2254 Cases (2004). Appointment of counsel is only warranted when due process or the interests of justice require it. *McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks*, 775 F.2d at 1438. In the present case, the pertinent facts are fully developed in the record before the Court, *see Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992), so no additional discovery or evidentiary proceedings are required, *see High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)), *cert. denied*, 532 U.S. 909 (2001).

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

Although Petitioner challenges a 1990 conviction, since he filed his request for federal habeas relief in 2002, the petition is governed by the provisions of § 2244(d), as amended by the AEDPA.  *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998). Because Petitioner's conviction became final prior to the enactment of the AEDPA, his one-year limitation period began to run on its enaction date, April 24, 1996.  *See Williams v. Taylor*, 529 U.S. 420, 429 (2000).   Therefore, Petitioner had until April 24, 1997, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief.

No state court proceedings related to Petitioner's convictions were pending on the date of enactment. According to Petitioner's sworn statements, he did not file an application for post-conviction relief in state court until June 5, 2000, more than three years after the expiration of the one-year limitation period applicable to requests for federal habeas relief brought pursuant to § 2254.  *See* 28 U.S.C. § 2244(d)(1).   That post-conviction motion cannot operate to toll the limitations period because it was filed <u>after</u> the period had expired.  *See Tinker v.* Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state application for post-conviction relief that is filed following the expiration of the federal limitation period has no tolling effect because there is no period remaining to be tolled); *Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions). Thus, the petition  is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision.

Petitioner has not shown that a state created impediment prevented him from filing a timely petition or that he could not have discovered the factual predicate of his federal claims prior to April 24, 1997.  *See* 28 U.S.C. § 2244(d)(1)(B) & (D).

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dept. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (finding that equitable tolling can be applied to prevent the application of the one-year limitations period when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition).

Given that his second Rule 3.850 motion was denied as untimely, Petitioner was on notice that petitions for collateral relief may be subject to a statutory limitation period. In an attempt to overcome the procedural bar in state court, Petitioner argued that his "uncounseled plea" claim was "newly discovered." This Court agrees with the trial court's finding that "the substance of the claim does not amount to newly discovered evidence" (Dkt. 1, Ex. B at 3). The claim does not involve *ex parte* communications to which Petitioner was not privy, a failure to disclose exculpatory material, newly discovered forensic evidence, or any other issue which could not have been discovered by Petitioner through the exercise of due diligence.  To the contrary, Petitioner was present in the courtroom when, at his behest, trial counsel sought and was granted leave to withdraw.  Petitioner acknowledges that he then engaged in a colloquy with the trial court judge regarding possible sentencing alternatives.  According to Petitioner, "at that time out of fear [he] enter

[sic] a plea of guilty in open court to all charges uncounseled" (Dkt. 1 at 5A).   The circumstances under which Petitioner entered his plea can hardly be characterized as facts "newly discovered."

Petitioner has failed to show that any extraordinary circumstance <u>beyond his control</u> made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs*., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").   Petitioner has further failed to show that a fundamental miscarriage of justice will result if his claim is not addressed on the merits. As the Eleventh Circuit observed in *Hill v. Jones*, "[a] petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists." 81 F.3d 1015 (11th Cir. 1996).   Without such a showing, it would be improper for a federal habeas court to discuss the merits of a petitioner's claim(s). *See Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

### Conclusion

Given this chronology of events, it is clear that more than one year elapsed between the date the convictions challenged herein became final after direct review and the filing of the instant petition.   The Court finds, therefore, that the petition is time-barred under the provisions of § 2244(d).   Because the Court finds that the petition is barred by the AEDPA's one year statute of limitations, there is no need to consider the merits of Petitioner's claim.

ACCORDINGLY, the Court **ORDERS** that:

1.      The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254

is **DENIED**.

2.      The Clerk shall enter judgment against Petitioner, terminate all pending

motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2005.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


Copies furnished to:
All Parties/Counsel of Record

S:\Even\2002\02-cv-1092.order.wpd